CHERRY v. PRESTON et al. (No. 1057.)

(Court of Civil Appeals of Texas. El Paso.
April 29, 1920. Rehearing Denied
May 20, 1920.)

1. False imprisonment ⬳15(1) — Negligence resulting in criminal proceeding which could not have been reasonably anticipated not actionable.

Where an owner of a checking account in a bank draws a check in his wife's name by her consent, she also having a checking account, and delivers such check to another as payment of a debt, and the payee deposits check for collection in a bank which forwards it to a correspondent, but the correspondent fails to present it to drawee bank for payment, and returns it with a notation, "No act," whereupon the original payee institutes a criminal prosecution, the collecting bank and its correspondent are not liable in an action by the payee for false imprisonment unless they could have foreseen or reasonably anticipated the institution of such criminal proceedings.

2. False imprisonment ⬳15(1)—Participation held necessary to create liability.

· Where a bank with which a check was deposited for collection forwarded it to a correspondent bank, which returned it with a notation that the drawee had no funds, without having presented it for collection, whereupon the payee instituted criminal proceedings against the drawee, the banks were not liable in an action for false imprisonment of plaintiff by the payee; they not having personally participated in the imprisonment.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by H. W. Cherry against L. M. Preston and others for false imprisonment. A judgment was rendered for plaintiff against certain defendants, and from a direction of verdict in favor of certain other defendants, plaintiff appeals. Affirmed.

Nash & Lovett and Richard Mays, all of Corsicana, for appellant.·

Andrews, Streetman, Burns & Logue, and M. E. Kurth, all of Houston, S. D. Tant, of Sour Lake, McClellan & Wassell, Callicutt & Johnson, Davis & Jester, and W. A. Tarver, all of Corsicana, and Fiset & Shelley, of Austin, for appellees.

WALTHALL, J. Appellant, H. W. Cherry, brought this suit against L. M. Preston, constable of Hardin county, H. G. Abey, Sour Lake State Bank of Sour Lake, Union National Bank of Houston, First State Bank of Corsicana, J. R. Curington, sheriff of Navarro county, and the American Surety Company of New York, surety upon Preston's official bond, to recover damages for false imprisonment of appellant.

After the evidence was all in, the trial court instructed a verdict in favor of Sour Lake State Bank, Union National Bank, J. R. Curington,. and the First State Bank of Corsicana. The case went to the jury as to the liability of Preston, Abey, and American Surety Company, resulting in a judgment in favor of appellant and against the three named defendants for damages, both actual and exemplary, and from which judgment said parties have not appealed. This appeal is prosecuted from the ruling of the trial court in directing a verdict as to the Sour Lake State Bank, Union National Bank, J. R. Curington, and the First State Bank of Corsicana.

The facts necessary to a decision of the issues presented here are substantially ·as follows: ·

Appellant and his wife lived in Navarro county, and each carried a checking account with the First State Bank of Corsicana. Appellant was temporarily in Sour Lake, Hardin county; while there he drew a check on the First State Bank of Corsicana in favor of Abey for $40. The check was drawn in the name of his wife, with her consent, and with the knowledge of Abey. Abey was an undertaker, and the check was in part payment of funeral expenses of appellant's relatives. At appellant's request the check was deposited for collection with the Sour Lake State Bank. That bank gave Abey credit for the amount of the check on its books and made a corresponding charge against Abey. That bank, seemingly, forwarded the check for collection to its correspondent, the Union National Bank of Houston. The Union National Bank failed to present the check for payment to the First State Bank of Corsicana, the drawee bank, but caused the check to be returned to the Sour Lake State Bank with the notation thereon, "No act." The check given by Cherry is in the usual form of customer's personal check, made payable to Abey, and was indorsed in blank on the back by Abey. On the back of the check are the notations: "Pay to the order of any bank, banker, or trust company. Previous indorsements guaranteed. Sour Lake State Bank, Sour Lake, Texas"— and a similar notation, signed "Union National Bank, Houston, Texas, Denton W. Cooley, Cashier," with dates and other figures not material here. It was admitted by agreement that, where any collecting bank has indorsed a commercial paper held for collection and has for any reason returned it, the collecting bank then returns it to the bank of origin, and the indorsement is usually canceled or checked off in some way.

The Cherrys had money in the First State Bank of Corsicana to meet the check, and the check would have been paid by that bank if the check had been presented to it for payment. The check was never presented to that

bank for payment. The check was handled by the Sour Lake State Bank and by the Union National Bank, as between themselves, in the way such checks are usually handled, except that the check was not sent or presented to the First State Bank of Corsicana for payment. Some evidence was introduced tending to show that the check was sent by the Union National Bank to Corrigan instead of to Corsicana, but the evidence was indefinite as to that fact, and we do not make a finding on that issue, as such fact was not presented in the pleadings, and was not an important issue in the trial court nor here. On the return of the check by the Union National Bank to the Sour Lake State Bank, with the notation, "No act," Abey filed a complaint with a justice of the peace of Hardin county charging appellant with willfully and fraudulently making a false instrument in writing purporting to be the act of another, to wit, the act of Mrs. H. W. Cherry, and based on the making of the check in question. The justice of the peace thereupon issued a warrant for the arrest of appellant and placed the warrant in the hands of Constable Preston for execution. The warrant was sent to Curington, sheriff of Navarro county, who arrested appellant on the warrant and put him in jail until he gave bond, which he did, for his appearance before the justice of the peace of Hardin county. Curington sent a telegram to Preston advising him of the arrest of appellant. Shortly thereafter Preston went to Corsicana; told Sheriff Curington who he was; that he came after appellant; that he wanted to collect the check and was going to collect it; that if appellant would pay the check and pay him $25 the matter would be dropped, but, if not, he would take appellant to Sour Lake. Appellant paid the check and the $25. Appellant sustained a good reputation in regard to being a peaceable and law-abiding man. Any additional fact or feature to the pleading or evidence necessary to a decision of the matters presented will be further stated under the assignment to which it refers.

### Opinion.

The assignments from 1 to 9 are directed to the action of the trial court in directing a verdict in favor of the Sour Lake State Bank. The remaining nine assignments are of a similar nature, and are directed to action of the court in instructing a verdict in favor of the Union National Bank of Houston.

The propositions submitted under the several assignments as to the Sour Lake State Bank claim error in instructing a verdict for the Sour Lake State Bank on the grounds and to the effect that the said bank, as the agent of Abey and appellant, having accepted the check for collection and negligently failed to present same to the drawee bank for pay-

ment, and having falsely represented to Abey that appellant's wife had no funds in the drawee bank with which to pay the check, thereby represented to Abey that appellant was guilty of a criminal offense, and thereby induced or invited the criminal proceedings against appellant, causing him to be arrested and put in jail; that the act of the bank, as shown by the evidence, was sufficient to raise the issue of the proximate and contributing cause of the criminal proceedings against appellant; that the evidence shows the breach of the bank's express and implied contract with both appellant and Abey to use ordinary care to present the check for payment to the drawee bank; that, where damages result directly from concurrent wrongful acts of two or more, each act may be counted on as the wrongful cause, and the parties so acting held responsible either jointly or severally for the injury; that the bank will be charged with knowledge of the fact that it was a criminal offense under the law to draw a check on a bank in which it had no funds and without a reasonable belief that it would be paid upon presentation, and that it would be a criminal offense to sign another person's name to a check without authority so to do. As to the Union National Bank, substantially similar assignments and propositions are presented as to said bank and to the effect that said bank was the agent in the matter of the presentation and collection of the check of the Sour Lake State Bank, and as well the agent of both appellant and Abey, the duty and obligations of said bank being similar to the duties and obligations of the Sour Lake State Bank, and, on failure to perform its duties as to appellant, the bank would also be liable for the same reason as is the Sour Lake State Bank. We need not discuss each assignment separately, but will consider the facts as a whole in determining the question of appellees' liability for damages.

[1] The cause of action presented here against the two banks is based upon the action of Abey in filing the charge of forgery and the subsequent arrest and imprisonment of Cherry, alleged to be the direct and proximate result of the report as indicated on the check by the two banks to Abey that Mrs. Cherry, in whose name the check was drawn, had no account in the Corsicana State Bank. Unless the action of Abey in filing such criminal proceeding could have been foreseen or reasonably anticipated by the banks as a probable result of the failure to present the check for payment, and the return of the check to Abey with notation of no account with the drawee bank, such negligence, if any, would not be actionable negligence. To require a submission of that issue to the jury, it would be necessary that the evidence show prima facie such act of negligence on the part of the banks that it could be rea-

sonably said that the banks in making such return and report on the check anticipated that Abey would file the criminal proceeding against Cherry; otherwise there would be no direct causal connection between such return and report on the check and the filing of the criminal prosecution against Cherry. The check was not indorsed by Cherry, and there is nothing in the evidence tending to show that either of the banks knew that there was such a man as Cherry, nor that he signed his wife's name to the check. While each of the banks was the agent of Abey in the collection of the check, their agency ended on the return of the check to Abey. Abey paid back to the Sour Lake State Bank the $40 called for in the check, and the check was delivered to Abey. From that time on the evidence does not show that either of the banks encouraged, concurred, or participated in, or had any knowledge whatever that Abey contemplated, or would file, or acted with Abey in filing, the criminal proceeding against Cherry by reason of the report of either of the banks on the check. There is no evidence whatever that the banks were acting in conspiracy with one another, or with Abey, as charged in the petition. The only acting together as shown by the evidence was in accepting the check for collection and in the effort to present the check to the drawee bank for payment.

This is not a suit for the recovery of the amount of the check deposited for collection, nor a suit predicated upon the check executed by appellant, but a suit for damages resulting from the false arrest and imprisonment of appellant. We think we need not discuss the cases referred to by appellant. They seem to us not to be altogether applicable to the character of the case here presented. The general rule fixing the liability of wrongdoers for the acts of others, both in civil and in criminal cases, is stated by our Supreme Court in Wolf v. Perryman, 82 Tex. 772, 17 S. W. 112. The acts done must be in pursuance of a mutual understanding, or in furtherance of the common plan, at least until the termination of the enterprise. The opinion quotes the following from Judge Cooley on Torts, p. 127:

"To charge one with participation in a wrong, it is generally essential that he should have personally contributed to it; but this, as has already been shown, may have been by advising or procuring it to be done, when he did not otherwise take part in it."

The evidence here does not bring this case within the rule stated.

[2] We have concluded that the trial court was not in error in discharging the two banks. All of the assignments have been duly considered and are overruled.

The judgment is affirmed.